THOMAS P. CONROY AND THOMAS J. KEANE, Jr., APPELLANTS, v. HUDSON COUNTY BOARD OF HEALTH, COUNTY OF HUDSON, AND NEW JERSEY DEPARTMENT OF CIVIL SERVICE, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 19, 1955—Decided October 7, 1955.

230

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Frank G. Schlosser* argued the cause for the appellants.

*Mr. Frederick J. Gassert,* Hudson County Counsel, argued the cause for the respondent Hudson County Board of Health, County of Hudson.

*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey, attorney for respondent New Jersey Department of Civil Service.

The opinion of the court was delivered by

FRANCIS, J. A. D.   Plaintiffs appeal from the determination of the Department of Civil Service sustaining their summary removal as employees of the Board of Health and Vital Statistics of Hudson County.

Plaintiff Thomas P. Conroy entered the employ of the board with Civil Service Department approval as a utilityman on April 1, 1947. The other plaintiff, Thomas J. Keane, Jr., began like employment on October 1, 1948. No term of service was fixed for either of them. On September 30, 1953 they were discharged without charges or hearing. They urge

on this appeal that their employment is in the classified civil service under *R. S.* 11:22–1 *et seq.,* and that they are protected against removal until written charges have been preferred by the appointing authority and sustained after hearing. *R. S.* 11:22–38.

The board contends that under *R. S.* 26:11–3 appointments of all of its employees were required to be for a fixed term. Failure to do so, it claims, left the plaintiffs removable at will and did not have the effect of conferring civil service or tenure status even though Hudson County had long since adopted the Civil Service Act.

This Board of Health and Vital Statistics has a unique legislative history. It was created in 1874 by a special act of the Legislature applicable to Hudson County alone, and consisted of three commissioners, the county physician *ex officio,* and two commissioners to be elected by the board of chosen freeholders. *L.* 1874, *c.* 484, *p.* 569.

Originally it was authorized to appoint a clerk, whose salary was to be fixed by the board of chosen freeholders, and "in the time of the spread of any contagious diseases or epidemic, special health inspectors" at $5 a day for not more than ten days. No term of employment was fixed for the clerk. *Id., section* 2, and see *Greene v. Hudson County Board of Health,* 19 *N. J. Super.* 453 (*Law Div.* 1952). Authority to appoint other personnel is traceable through *L.* 1884, *c.* 193, *p.* 282, 288, *sec.* 11; *L.* 1885, *c.* 182, *p.* 239, 242, *sections* 10 and 11; and *L.* 1912, *c.* 245, *p.* 444.

Although the term of the commissioners was fixed at three years (section 1 of the 1874 act, *supra*) none of these acts used the word "term" in connection with appointments of other personnel nor does any language appear from which an intention to fix a term can be divined. For reasons to be stated, it is not necessary, under the circumstances present here, to deal with the doctrine, which was considered so vital prior to the advent of civil service legislation, namely, that the term of an employee is coterminous with that of the noncontinuous body which appointed him. *Tally v. Board of Education, Hoboken,* 10 *N. J.* 69, 72 (1952).

The Civil Service Act (*R. S.* 11:21–1 *et seq.*) became applicable to Hudson County on January 1, 1912, having been adopted by the voters at the general election the previous November. Although the exact inception date does not appear in the record, it is undisputed that thereafter the employees of this board as an integral part of the county system, were placed in the classified service. *Cf. State Dept. of Civil Service v. Clark*, 15 *N. J.* 334 (1954). Presumably this was done conformably to *R. S.* 11:21–6 which absorbed existing classified service employees into the system, and to *R. S.* 11:21–4 which proscribed future appointment or dismissal of classified service employees of the county, except in accordance with the pertinent provisions of the Civil Service Act.

Prior to October 1, 1953, employees of the board, including the plaintiffs, were appointed without fixed term. At some earlier time, the County Law Department had advised that no authority existed for such appointments and that the applicable statute, *R. S.* 26:11–3, imposed a mandate for fixed terms only. See *Greene v. Hudson County Board of Health, supra.* Thereupon plaintiffs were notified that the department had been reorganized and that "all positions * * * have been established with proper titles, at fixed salaries and for a prescribed term of office." They were told also that the "positions" would become effective on October 1, 1953, and that they would be "notified of whatever disposition is made in your behalf." On September 30 they were informed that in the reorganization no "provision" had been made for the position of "Utilityman" and consequently their employment was terminated as of September 30.

All of the other employees, except the two plaintiffs, were rehired, or more accurately, perhaps, continued in employment at fixed salaries and for two-year terms. The "Utilityman" designation was changed to "Vital Statistics Clerk" but the duties remained the same. Prior to October 1 there had been eight utilitymen. The refurbished board started out with only six "Vital Statistics Clerks" but added six new employees under various designations without Civil Service

Department examination or approval. And some time later another Vital Statistics Clerk was similarly appointed.

The legal justification for discharge of the plaintiffs is said to be that under *R. S.* 26:11-3 the board was required to appoint its employees for a fixed term. And the board maintains that an appointment for an indefinite term, even with the approval of the Civil Service Department, was beyond its authority and served only to create an at will appointment which was subject to termination at any time without cause.

*R. S.* 26:11-3 provides:

"The county board shall have authority * * * to employ such personnel as it may deem necessary, including health officers and sanitary inspectors, to carry into effect the powers vested in it. It shall fix the duties, *term,* and compensation of every appointee, who shall be the agent of the board in the performance of any services assigned by it." (Emphasis ours.)

The 1937 revision of the statutes saved from repeal the special act of 1874 which created the Hudson County Board of Health and Vital Statistics (*R. S.* 26:11-1), and the county board referred to in *R. S.* 26:11-3 is specifically defined to mean any such board created by special act of the Legislature. *R. S.* 26:11-2.

Acts saved from repeal by the revision have "operative force and effect only to the extent that they were operative and effective at the time of the taking effect of the Revised Statutes." Such acts are not deemed repealed "except so far as they are inconsistent with the provisions of the Revised Statutes but, in so far as they may have been so repealed * * *, they shall remain so superseded or repealed, and shall have no further or additional effect because of their inclusion in the Revised Statutes * * *." *R. S.* 1:1-21.

The revision lists the source of *R. S.* 26:11-3 as *L.* 1885, *c.* 182, § 10, *p.* 242 (*C. S. p.* 2693, § 130), as am. by *L.* 1912, *c.* 245, § 1, *p.* 444 (1924 *Suppl.* § 89-130), suppl. to *L.* 1884, *c.* 193, *p.* 282. However, in none of these references does the word "term" appear; nor is it in the special act of 1874. Even though the revision inaccurately cites the

statutes referred to as the source material for the mandate to fix the term of "every appointee" and in spite of being inconsistent with the long established custom and practice of the board to treat its employees as within the protective confines of civil service legislation, and though it may be criticized as out of harmony with modern day concepts of public service (*Art. 7, § 1, par. 2, 1947 Constitution*), *R. S.* 26:11-3 must be considered the law. As the Court of Errors and Appeals said in *Duke Power Co. v. Somerset Co. Board of Taxation*, 125 *N. J. L.* 431, 433 (1940):

"We are, therefore, fully in accord with the view heretofore expressed by the Supreme Court that 'the revision is a wholly independent enactment, superseding all existing general law.' [Citations omitted.] Thus, just as it has been properly held that a theretofore existing public statute law of this state, of a general nature, not included in the Revised Statutes is no longer a part of the public statute law of this state [citation omitted], so we also hold that the inclusion of a public statute law, of a general nature, not theretofore in existence, within the Revised Statutes * * * is in full force and effect as a part of the 'public statute' law of this state."

■ Under our trichotomous form of government, the function of the judiciary is limited to a determination of the power of the Legislature to enact a law. Issues of the policy or wisdom thereof are beyond our ambit. *Nolan v. Fitzpatrick*, 9 *N. J.* 477, 483 (1952).

■ The language of *R. S.* 26:11-3 is clear. It directs fixing the term "of every appointee." What was its impact on the appointments of plaintiffs who were employed after the effective date of the *Revised Statutes*, December 20, 1937? (This date is referred to because we do not express an opinion herein with respect to the tenure of those persons who were employed prior thereto with civil service approval at a time when, because of the language of the existing statutes, no term was being set by the board.) It has long been the law that civil service status is not acquired when the statute empowering the appointment fixes the term thereof or imposes a mandate to do so on the public body which makes it. *De Vita v. Housing Authority of City of*

*Paterson,* 17 *N. J.* 350, 355 (1955) ; *Davaillon v. Elizabeth,* 121 *N. J. L.* 380, 386 *(Sup. Ct.* 1938) ; *Browne v. Hagen,* 91 *N. J. L.* 544 *(E. & A.* 1918).

As a consequence, when the plaintiffs were employed in 1947 and 1948 respectively, the board was bound legally to fix their term. Unfortunate though it seems to be, since both the board and the department believed the Civil Service Act applicable, failure to do so had the effect of making their period of employment dependent at best upon the will of the board. Thus they were subject to removal at any time.

The situation apparently is controlled by *Talty v. Board of Education, Hoboken, supra.* There the statute provided that the board of education "shall employ a competent physician to be known as the medical inspector, and may also employ a nurse, and fix their salaries and terms of office." The Supreme Court declared that the word "shall" in the context imposed a mandate to appoint a medical inspector and to fix his term. Therefore Talty, a veteran, who was appointed medical inspector without designation of a term, could not be considered under the Veterans' Tenure Act, *R. S.* 38:16–1, as a person whose term is not fixed by law. Accordingly, he did not hold his employment during good behavior and was not protected by that Act from removal except for good cause and after hearing.

The analogy to this case is so close that the *Talty* opinion must be regarded as dispositive. Neither the potent force of uniform construction by the board of the legislation regulating employment prior to 1937 to the effect that the Civil Service Act applied, nor the continued pursuit of that belief after the 1937 revision, is of material help to the plaintiffs. If the act were the same as prior to the revision or if the language of the revision as to term of employment were ambiguous (see *Crater v. County of Somerset,* 123 *N. J. L.* 407, 414 *(E. & A.* 1939)), we would regard the practical interpretation over the years as conclusive and the plaintiffs would be declared protected from removal except through charges and hearing. *State v. Clark, supra.*

The mandate to fix a term is not ambiguous; it is entirely clear and therefore not open to interpretation by the board, the Civil Service Department or the courts. Improper application or ignorance of *R. S.* 26 :11–3 cannot confer rights greater than those authorized by the Legislature. *Cf. Mensone v. N. J. Department of Civil Service,* 30 *N. J. Super.* 218 (*App. Div.* 1954).

The order of the Civil Service Department is affirmed.